## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| OSCAR A. LOPEZ,<br><br>   Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:21-cv-00861<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** OSCAR A. LOPEZ ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, I.Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Texas.

5. Defendant is a third-party debt collection agency headquartered at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

6. In November 2018, Plaintiff entered into a lease agreement with Sunrise City North Apartment Complex.

7. On November 17, 2019, the lease ended and Plaintiff moved out of the apartment complex.

8. On November 18, 2019, Plaintiff's former roommate ("Michelle") signed a new lease agreement with the apartment complex. Plaintiff did not sign the lease.

9. Around February 1, 2020, Michelle broke the lease with the apartment complex and fell behind on payments ("subject debt").

10. Consequently, the apartment complex reached out to Plaintiff in an attempt to recover the subject debt. Plaintiff explained he was not on the lease, never agreed to make any payments, and would not be paying the subject debt off.

11. Thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

12. In or around December 2020, Defendant contacted Plaintiff in an attempt to collect on the subject debt. Plaintiff explained he was not on the lease and would not be paying the subject debt, as he did not owe it.

13. On February 9, 2021, Plaintiff called Defendant to again dispute the subject debt. Plaintiff reiterated he did not owe the subject debt. Plaintiff was assured Defendant would investigate the situation.

14. Subsequently, Plaintiff has contacted Defendant on several occasions in an attempt to ascertain the status of Defendant's investigation. To this day, Defendant refuses to give Plaintiff a straight answer about the status of their review.

15. Moreover, Defendant has yet to send Plaintiff a dunning notice as required by 1692(g).

## DAMAGES

16. Defendant's misleading and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

18. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

28. Defendant violated §§ 1692e and e(10) by using false, deceptive, and misleading representations in connection to collection of the alleged subject debt. Defendant has misleadingly represented to Plaintiff that it has investigated the status of the subject debt when any reasonable investigation would show that Plaintiff is not on the lease and not responsible for the subject debt.

29. Moreover, Defendant misleadingly stated it was investigating the subject debt, however, has not proceeded with an investigation, as evidenced by Defendant avoiding the questions from Plaintiff about the investigation.

30. Defendant violated § 1692e(2) when it attempted to collect the subject debt from Plaintiff, even though Plaintiff did not owe the subject debt.

### b. Violations of FDCPA § 1692f

31. Defendant violated §1692f by using unfair and unconscionable means to collect the subject debt from Plaintiff. In addition to collecting on a debt Plaintiff does not owe, Defendant has avoided Plaintiff's questions about the investigation into the subject debt in an attempt to coerce Plaintiff into making a payment on the subject debt. Defendant knows any investigation into the subject debt would show Plaintiff is not on the lease, and not obligated to pay the subject debt.

### c. Violations of FDCPA § 1692g

32. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

33. Upon information and belief, Defendant uses unfair, harassing, misleading, and deceptive practices in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

**WHEREFORE**, Plaintiff OSCAR A. LOPEZ respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Award Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Award Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not use "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the TDCA when it falsely and deceptively attempted to collect a debt that Plaintiff did not owe. Moreover, Defendant falsely informed Plaintiff it was completing an investigation into the subject debt.

**WHEREFORE**, Plaintiff OSCAR A. LOPEZ requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: April 14, 2021                                     Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com